UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WAYNE MOORE ) | |
| ) | |
| v. ) | Civil No. 3:11-CV-269 JD |
| ) | Criminal No. 3:04-CR-71 JD |
| ) | |
| UNITED STATES OF AMERICA ) | |

### **OPINION AND ORDER**

Now before the Court is Wayne Moore's motion for post-conviction relief under 28 U.S.C. § 2255. As discussed below, the petition merely seeks to re-litigate issues that have already been considered on direct appeal by the Seventh Circuit Court of Appeals. Because there has been no change of circumstances to permit reconsideration of these issues, his arguments are procedurally barred and his motion is denied.

### **Background**

Wayne Moore was convicted on conspiracy to commit wire fraud on October 12, 2006. *See* DE 369. The charge and conviction of Moore (and a few months earlier, his four co-defendants) arose out of a Ponzi scheme that used false promises of exorbitant profits to separate investors from more than $5 million. *See* DE 1. Moore was sentenced to 60 months' imprisonment, $4,310,795.58 in restitution, and two years of supervised release.[1] Moore and his co-defendants appealed, and the judgment was affirmed in all respects. *See United States v. Griggs*, 569 F.3d 341 (7th Cir. 2009). Moore's subsequent petition for rehearing and petition for writ of certiorari were denied. He timely filed his motion for post-conviction relief on April 7, 2011. DE 602.

The appeal focused on two issues. First, Moore contended that the district court erred by

---

[1]As far as the Court is aware, Moore has served his sentence of imprisonment but remains under supervision in the Central District of California.

failing to instruct the jury that to convict him of conspiracy in violation of 18 U.S.C. § 371 they needed to unanimously agree on at least one overt act that was committed by a conspirator in furtherance of the conspiracy. *Griggs*, 569 F.3d at 343. The Seventh Circuit rejected this argument, holding as a matter of first impression that unanimity regarding an overt act is not necessary for a conspiracy conviction and thus that a district court is not "required (or indeed permitted) to tell the jury that, to convict Moore, it had to agree unanimously on an overt act that at least one of the conspirators had committed." *Id.* Second, Moore argued that the district court had omitted an instruction informing the jury that the prosecution had to prove the interstate use of wire transmission, an essential element of wire fraud. *Id.* at 344. The Seventh Circuit agreed that this was error, but held that the error was harmless (and thus not prejudicial for purposes of plain error review) because the element of interstate communications by wire was essentially uncontested at trial. *Id.* at 345.

## Analysis

Habeas corpus relief under 28 U.S.C. § 2255 is granted only in extraordinary situations where an error is "constitutional, jurisdiction, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997). Moreover, "[a] § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances." *Varela v. United States*, 481 F.3d 932, 935–36 (7th Cir. 2007) (citations omitted).

Moore raises two arguments in his motion for post conviction relief. First, he claims that "under *Richardson v. United States*, 526 U.S. 813 (1999), and its progeny, a jury must be . . . instructed that unanimous agreement on a specific overt act is required to find a defendant guilty of

2

conspiracy under 18 U.S.C. § 371." *See* Petition, DE 602 at 5. Second, he argues that "under *Sullivan v. Louisiana*, 508 U.S. 275 (1993), and its progeny, the wholesale failure to instruct the jury as to the object of the alleged conspiracy—its definition, meaning, elements—is a structural error requiring automatic reversal." DE 602 at 6.

Even a superficial comparison between Moore's petition and the Seventh Circuit's opinion in *Griggs* reveals that he is attempting to re-litigate issues that have been conclusively decided on direct appeal. He essentially admits as much in his petition, arguing that the panel opinion previously answered the questions he now raises "in a manner inconsistent with Supreme Court and Seventh Circuit precedent." DE 602 at 5. Moore identifies no changed legal or factual circumstances. Rather, the Supreme Court authority he cites dates from before the decision in *Griggs* and no decisions since that decision call it into question—quite to the contrary, only two decisions cite *Griggs* on this issue and one has agreed and the other remained agnostic. *See United States v. Kozeny*, 667 F.3d 122, 131-32 (2d Cir. 2011) (citing *Griggs* in support of its holding "that the jury need not agree on a single overt act to sustain a conspiracy conviction"); *United States v. Chen Chiang Liu*, 631 F.3d 993, 1001 n.7 (9th Cir. 2011) (acknowledging the holding in *Griggs* but concluding that "[w]e do not need to definitively resolve that issue in this case, and we decline to do so"). Rather, Moore's straightforward claim is that the decision in *Griggs* was wrong and that the panel opinion ignored inconsistent precedent from the Supreme Court, other Courts of Appeal, and the Seventh Circuit itself. This is not the province of post-conviction relief.

For completeness, the Court notes that the Supreme Court cases that Moore cites do not undermine *Griggs* in any way. The first, *Richardson*, held only that a jury must unanimously agree on which "violations" make up a continuing series of violations for purposes of a continuing

criminal enterprise charge under 211 U.S.C. § 848. 526 U.S. at 824. It was not a conspiracy case and did not consider the question of jury unanimity on overt acts in furtherance of a conspiracy under 18 U.S.C. § 371. The second, *Sullivan*, held that an erroneous instruction regarding the burden of proof is "structural error" and not subject to harmless error analysis. 508 U.S. at 281–82. Any implication this case may have held for the failure to instruct on an element of the offense was firmly rebutted a few years later in *Neder v. United States*, 527 U.S. 1, 10–11 (1999), which explained that *Sullivan* did not depart from earlier precedent and squarely held that "the omission of an element is an error that is subject to harmless-error analysis."

## Conclusion

For the reasons given, Mr. Moore's motion for post-conviction relief under 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED.

ENTERED:  May 13, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court